**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN GOULD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18-936 _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ST. LOUIS-KANSAS CITY | ) |
| CARPENTERS REGIONAL COUNCIL, | ) |
| TERRENCE NELSON, ALBERT BOND, | ) |
| KEVIN HAMILTON, ROBERT VOSBURGH, | ) |
| LARRY SCHALLOM, and TIM COX, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants St. Louis-Kansas City Carpenters Regional Council ("Council"), Terrence Nelson, Albert Bond, Kevin Hamilton, Robert Vosburgh, Larry Schallom, and Tim Cox, by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, file this Notice of Removal to remove to this Court the action known as *Jonathan Gould v. St. Louis-Kansas City Carpenters' Regional Council et al.*, Case No. 1622-CC09954, previously filed in the Circuit Court of the City of St. Louis, Missouri. The grounds for removal are as follows:

1.      This action was commenced by the filing of a Petition in the Circuit Court of the City of St. Louis, Missouri on August 8, 2016. A copy of the Petition is attached hereto as Exhibit A. The original Petition alleged a state law claim for wrongful termination, a state law defamation claim, a state law injurious falsehood claim, and a state law intentional infliction of emotional distress claim.

2.      On October 17, 2016, Defendant/Counterclaim Plaintiff Terrence Nelson filed a counterclaim for defamation against Plaintiff/Counterclaim Defendant Jonathan Gould, and subsequently filed an amended counterclaim for defamation on February 7, 2017.

3.      On February 5, 2018, Plaintiff filed his Motion for Leave to File Verified First Amended Petition consisting of the following counts, including for the first time a federal claim under the  Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"):

- Count I for wrongful termination;

- Count II for conspiracy;

- Counts III-VIII for defamation and civil conspiracy;

- Counts X-XV[1] for injurious falsehood and civil conspiracy;

- Counts XVI-XIX for intentional infliction of emotional distress;

- Count XX for negligent spoliation of evidence;

- Count XXI for spoliation of evidence;

- Counts XXII-XXVII for breach of fiduciary duties under 29 U.S.C. § 501;

- Count XXVIII for civil violation of RICO; and

- Count XXIX, a derivative claim for an accounting.

4.      On June 8, 2018, the Circuit Court of the City of St. Louis, Missouri entered an order granting leave to file an Amended Petition setting forth only the claims in Counts I-VIII, X-XIX, and XXVIII of the proposed First Amended Petition.

5.      Accordingly, the following claims are currently pending under the First Amended Petition:

---

[1] Count IX was omitted from the First Amended Petition.

- Count I for wrongful termination;

- Count II for civil conspiracy to commit wrongful termination;

- Counts III-VIII for defamation and civil conspiracy;

- Counts X-XV[2] for injurious falsehood and civil conspiracy;

- Counts XVI-XIX for intentional infliction of emotional distress; and

- Count XXVIII for civil violation of RICO.

A copy of the First Amended Petition is attached hereto as Exhibit B.

6.      This Court has original jurisdiction over Count XXVIII of the First Amended Petition under 28 U.S.C. § 1331, because it is brought under laws of the United States, specifically, RICO, 18 U.S.C. §§ 1961-1968.

7.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims in this lawsuit because such claims form part of the same case or controversy and are derived from a common nucleus of operative fact.  Namely, Plaintiff's RICO claim in Count XXVIII alleges purported embezzlement, stealing, and other misconduct by Defendants that also serve as the basis for, and are inextricably intertwined with, Plaintiff's claims for wrongful termination and related civil conspiracy (Counts I-II), defamation and related civil conspiracy (Counts III-VIII), injurious falsehood and related civil conspiracy (Counts X-XV), intentional infliction of emotional distress (Counts XVI-XIX), and Counterclaim Plaintiff Terrence Nelson's Counterclaim for defamation.  In fact, Count XXVIII incorporates paragraphs 1-157 of the First Amended Petition as the factual basis for the RICO claim, precisely the same factual allegations that are alleged to form the basis of Plaintiff's state law claims in Counts I-XIX.  Plaintiff's state law wrongful termination and conspiracy claims arise out of his employment by the Council as a

---

[2] Count IX was omitted from the First Amended Petition.

Business Agent, and involve allegations that Plaintiff supposedly reported instances of alleged illegal conduct that ultimately led to his termination. *See* First Amended Petition, ¶¶ 160 (and all subparts thereto), 161, and 168. Similarly, Plaintiff alleges in his claims for defamation, injurious falsehood, conspiracy and intentional infliction of emotional distress that the alleged conduct complained of in those counts arose out a desire to respond to, or explain why, Plaintiff made statements regarding numerous violations of law and/or well-established public policy. *See* First Amended Petition, ¶¶ 177, 190, 203, 216, 229, 244.a.-d., 257, 269, 281, 293, 305, 319.a.-d., and 357. Counterclaim Plaintiff Terrence Nelson's claim for defamation arises out of Plaintiff's false accusations of illegal conduct. Thus, it is the very same allegations of illegal conduct in the foregoing state law claims that form the basis of Plaintiff's RICO claim in Count XXVIII.

8.     Removal is, therefore, proper under 28 U.S.C. §§ 1441 and 1446. *See Corpe v. Bank of America, N.A.*, 2013 WL 237595 (W.D. Mo. 2013).

9.     This Notice of Removal is filed in this Court within thirty (30) days of leave being granted to Plaintiff on June 8, 2018, to assert his Count XXVIII RICO claim. *See* 28 U.S.C. § 1446(b)(3); *Svoboda v. Smith & Nephew, Inc.*, 943 F.Supp.2d 1018, 1022 (E.D. Mo. 2013).

10.    The undersigned, as counsel for all Defendants and Counterclaim Plaintiff, hereby affixes their signatures as agents for Defendants and Counterclaim Plaintiff that all Defendants consent to the removal of this action pursuant to 28 U.S.C. 1446(b)(2)(A).

11.    Benjamin Kelly, an additional named Defendant in the original Petition, was dropped as a defendant in the First Amended Petition. As such, he is no longer a party to this action and should not be considered for purposes of removal. *See Adams v. Lederle*

*Laboratories*, 569 F.Supp.234, 239-42 (W.D. Mo. 1983) (determining that an inadvertently omitted defendant from an amended pleading was not to be considered for removal purposes); *see also McDonald v. City of Kansas City*, 295 S.W.3d 773, 774 (Mo. App. W.D. 2009) ("When an amended petition is filed, a former petition becomes an abandoned pleading that receives no further consideration in the case"); *Strunk v. Hahn*, 797 S.W.2d 536, 539 (Mo. App. S.D. 1990) (claims against defendants were abandoned where amended pleading set forth no allegations toward the defendants).  Nevertheless, without waiving any argument that Kelly is no longer a defendant in this case, and out of an abundance of caution, to the extent that Benjamin Kelly is construed to be a defendant in this case, the undersigned counsel also affix their signatures as agents for Benjamin Kelly and certify their consent to this removal.

12.     A copy of the complete file from the state court action styled *Jonathan Gould v. St. Louis-Kansas City Carpenters' Regional Council et al.*, Case No. 1622-CC09954, is attached hereto as Exhibit C.

13.     A copy of all pending motions and responses thereto filed in the state court action styled *Jonathan Gould v. St. Louis-Kansas City Carpenters' Regional Council et al.*, Case No. 1622-CC09954 is attached hereto as Exhibit D.

14.     Promptly upon filing this Notice of Removal, true copies of this Notice of Removal will be provided to Plaintiff and the Clerk of the Circuit Court of the City of St. Louis, Missouri pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants St. Louis-Kansas City Carpenters Regional Council, Terrence Nelson, Albert Bond, Kevin Hamilton, Robert Vosburgh, Larry Schallom, and Tim Cox respectfully request that this Court assume jurisdiction over this proceeding, to the exclusion of any further proceedings in Missouri state court.

Respectfully submitted,

**KRETMAR, BEATTY, SANDZA & GREGORY**

By:  */s/ Gerald Kretmar*
Gerald Kretmar, #25808MO
2025 S. Brentwood Blvd., Suite 20
St. Louis, MO 63144
(314) 721-8685
(314) 721-7851 (fax)
krestmar@sbcglobal.net

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By:  */s/ Teresa Dale Pupillo*
Robert D. Blitz, #24387MO
Teresa Dale Pupillo, #42975MO
Kelley F. Farrell, #43027MO
120 South Central Ave., Suite 1500
St. Louis, MO 63105
(314) 863-1500
(314) 863-1877 (facsimile)
rblitz@bbdlc.com
tpupillo@bbdlc.com
kfarrell@bbdlc.com

*Attorneys for Defendants St. Louis-Kansas City Carpenters Regional Council, Terrence Nelson, Albert Bond, Kevin Hamilton, Robert Vosburgh, Larry Schallom, and Tim Cox, and Counterclaim Plaintiff Terrence Nelson*

6

<u>**CERTIFICATE OF SERVICE**</u>

A copy of the foregoing was sent via electronic mail this 12th day of June, 2018, to the following:

Andrew R. Kasnetz, Esq.
Michael P. McGinley, Esq.
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1880
akasnetz@sandbergphoenix.com
mmcginley@sandbergphoenix.com

*Attorneys for Plaintiff Jonathan Gould*

Corey L. Kraushaar, Esq.
Christopher J. Seibold, Esq.
Brown & James, P.C.
800 Market St., Suite 1100
St. Louis, MO 63101-2501
ckraushaar@bjpc.com
cseibold@bjpc.com

*Attorneys for Counterclaim Defendant Jonathan Gould*

*/s/ Teresa Dale Pupillo*